# NOTICE:   SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**MARCH 14, 2023**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38482-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| LINDSEY DOMINIQUE ALBRIGHT, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Two years after his conviction, Lindsey Albright filed a motion to compel discovery from the State. Mr. Albright did not cite any exceptional circumstances to justify his motion. He merely referenced superior court criminal rules governing a defendant's right of access to their own lawyer's file. The trial court denied the motion.

We affirm. The rules requiring a defense attorney to disclose their files to their client do not transfer to the State. When it comes to the State, postconviction discovery is generally unavailable absent a showing of extraordinary good cause. Because Mr. Albright did not make this showing, the trial court correctly denied his motion.

No. 38482-9-III
*State v. Albright*

## FACTS

In May 2019, Lindsey Albright entered an *Alford*[1] plea to one count of first-degree

assault. The superior court accepted Mr. Albright's plea and sentenced him to 120

months' confinement plus 60 months for a firearm enhancement.

In September 2021, Mr. Albright filed a pro se "Motion to Compel State for

Discovery." Clerk's Papers at 20-22. In his motion, Mr. Albright sought "an order to

Compel State to disclose discovery. . . . [p]ursuant to CrR 4.7(g)(h)." *Id*. at 20. The trial

court denied the motion.

Mr. Albright timely appeals.

## ANALYSIS

Mr. Albright argues that the State is required to produce discovery materials

posttrial pursuant to our decision in *State v. Padgett*, 4 Wn. App. 2d 851, 424 P.3d 1235

(2018). He is incorrect. *Padgett* addressed an individual's right to obtain materials from

their own attorney, not the right to obtain discovery from the State.

Attorneys have ongoing obligations to their clients, even after the close of a

particular case or the termination of representation. *See* RPC 1.16(d). An attorney's post-

representation obligations to a client include surrendering papers, such as a client's file,

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

2

No. 38482-9-III
*State v. Albright*

upon request. *See id.*; Wash. State Bar Ass'n Rules of Prof'l Conduct Comm., Advisory

Op. 181 (rev. 2009), available at https://ao.wsba.org/searchresult.aspx?year=&num=

181&arch=False&rpc=&keywords=. Based on an attorney's ongoing obligations to their

client, we held in *Padgett* that the combined force of RPC 1.16(d) and CrR 4.7(h)(3)

means an attorney must turn over a client file at the client's request upon termination of

representation. 4 Wn. App. 2d at 854. If the client file contains discovery, then the client

may be able to receive that discovery as part of the client file, subject to appropriate

redactions. *Id.* at 854-55. Because a client's right to their file is rooted in the attorney-

client relationship, a client's right to their file is not conditioned on a showing of need.

*See id.* at 854.

The State, on the other hand, does not have obligations to criminally accused

persons akin to those of legal counsel. In a criminal case, the State is the defendant's

party opponent. The State has an obligation to produce discovery during the pendency

of a criminal case. *See* CrR 4.7(a); *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194,

10 L. Ed. 2d 215 (1963). This is a fundamental component of litigation, civil or criminal.

But once a case is over, the State's ordinary discovery obligations end.[2] This is true even

---

[2] Under RPC 3.8(g), a prosecutor has an ongoing obligation to disclose "new, credible, and material evidence creating a reasonable likelihood [ ] that a convicted defendant is innocent."

No. 38482-9-III
*State v. Albright*

if a conviction is appealed or challenged through a personal restraint petition. *See In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 390-91, 972 P.2d 1250 (1999). Courts have inherent power to order discovery in the postconviction context, but only in exceptional circumstances where the requesting party shows "good cause," defined as "a substantial likelihood the discovery will lead to evidence that would compel relief under RAP 16.4(c)." *Id.* at 390-92.

Mr. Albright's motion did not assert any exceptional circumstances that would justify postconviction discovery from the State. Instead, he relied solely on CrR 4.7, as interpreted in *Padgett*. Consistent with *Gentry*, court rules such as CrR 4.7 do not govern a defendant's request for postconviction discovery from the State.[3] *See* 137 Wn.2d at 390-91. The trial court therefore correctly denied Mr. Albright's motion.

Mr. Albright certainly is entitled to request his client file from his trial counsel. He may also be entitled to information from a state entity pursuant to a public records request. *See* ch. 42.56 RCW. But Mr. Albright is not entitled to postconviction discovery from the State, as was requested in his motion to the superior court.

---

[3] We disagree with the blanket statement in *State v. Asaeli* that "CrR 4.7 applies only to procedures before trial." 17 Wn. App. 2d 697, 698, 491 P.3d 245 (2021). By its plain terms, CrR 4.7 sometimes applies "during trial." CrR 4.7(h)(2). Furthermore, as explained in *Padgett*, the combined force of RPC 1.16(d) and CrR 4.7(h)(3) applies to a client's postconviction request for disclosure of their own attorney's client file.

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38482-9-III
*State v. Albright*

## CONCLUSION

The order denying Mr. Albright's motion for discovery is affirmed.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

5