## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57793-3-II |
| Respondent, | |
| v. | |
| THOMAS RUSSELL BOARDMAN, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Thomas R. Boardman appeals the superior court's ruling denying his postconviction motion for discovery from the State. Because Boardman is not entitled to postconviction discovery from the State and he fails to meet his burden to show he should be granted postconviction discovery, the superior court did not abuse its discretion by denying Boardman's motion. Accordingly, we affirm.

## FACTS

In 2018, Boardman pleaded guilty to first degree rape of a child. Order Dismissing Pet., *In re Pers. Restraint of Boardman*, No. 53893-8-II (Wash. Ct. App. Mar. 16, 2020). In 2019, Boardman filed a timely personal restraint petition, which was dismissed. *Id.*

In October 2022, Boardman filed a motion for discovery from the State in which he requested 24 categories of information related to his case, including evidence, witness statements, plea agreements, and presentencing reports. Boardman also requested his entire client file from his former defense attorney. The State filed a response, arguing it had no obligation to provide

postconviction discovery. And Boardman's former defense counsel filed a declaration stating that he had provided Boardman with his entire client file.

At the hearing on Boardman's motion, Boardman maintained he needed discovery from the State in order to pursue a new personal restraint petition. The State argued that while the rules of professional conduct entitled Boardman to receive his client file from his attorney (which he had received), he was not entitled to discovery from the State. The superior court agreed with the State and denied Boardman's postconviction motion for discovery from the State.

Boardman appeals.

## ANALYSIS

Boardman argues that CrR 4.7 provides for a continuing discovery obligation even after a defendant is convicted. Alternatively, Boardman argues that the superior court erred by failing to determine whether Boardman satisfied the established standard for discovery in a postconviction collateral attack proceeding. We disagree.

Generally, we review discovery decisions for an abuse of discretion. *State v. Asaeli*, 17 Wn. App. 2d 697, 699, 491 P.3d 245, *review denied*, 198 Wn.2d 1026 (2021). However, we review whether a court rule applies to a particular factual scenario de novo. *Id.*

First, Boardman contends that he is entitled to discovery from the State posttrial under CrR 4.7. However, this interpretation of CrR 4.7 has already been rejected multiple times. In *State v. Asaeli*, this court held that CrR 4.7 does not impose discovery obligations on the State after trial. 17 Wn. App. 2d at 700. Similarly, in *State v. Albright*, Division Three of this court held that the State's discovery obligations end once a person is convicted. 25 Wn. App. 2d 840, 842, 525 P.3d 984, *review denied*, 1 Wn. 3d 1023 (2023). Boardman offers no persuasive reason to depart from

these decisions.[1]  Thus, Boardman was not entitled to postconviction discovery from the State based on CrR 4.7.

Second, Boardman argues that under due process standards, the superior court was obligated to determine whether he was entitled to postconviction discovery from the State. Boardman cites *In re Personal Restraint of Gentry* for the proposition that "[f]rom a due process standpoint, prisoners seeking post[]conviction relief are not entitled to discovery as a matter of ordinary course, but are limited to discovery only to the extent the prisoner can show good cause to believe the discovery would prove entitlement to relief."  137 Wn.2d 378, 390-91, 972 P.2d 1250 (1999).  Under this standard, Boardman argues that the trial court was, "[a]t a minimum, . . . required to determine that standard was not met" before it could deny his discovery request.  Br. of Appellant at 4.  But Boardman did not seek discovery under this standard at the superior court, and, therefore, the superior court had no reason to consider it.  Moreover, it is Boardman's burden to show that he has good cause to believe the discovery would prove entitlement to relief, and, beyond just generally alleging that he needed the materials to support a future personal restraint petition, he made no effort to do so below.  Accordingly, the superior court did not err by failing to determine whether Boardman had good cause for discovery under due process standards.

The superior court did not abuse its discretion in denying Boardman's postconviction motion for discovery from the State.  Accordingly, we affirm.

---

[1] To the extent Boardman argues *State v. Padgett*, 4 Wn. App. 2d 851, 424 P.3d 1235 (2018) and *State v. Murry*, 24 Wn. App. 2d 940, 523 P.3d 794 (2022) undermine the reasoning of *Asaeli* and *Albright*, those cases are inapplicable because they address defense counsel's obligations to their clients, not the State's discovery obligations.

No. 57793-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, C.J.

VELJACIC, J.

4